DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Summit County Court of Common Pleas, which suppressed evidence obtained against Appellee, John W. Beougher. We reverse and remand for further proceedings.
 I. {¶ 2} On October 18, 2002, Appellee was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), one count of unlawful possession of dangerous ordnance in violation of R.C. 2923.17(A), and one count of domestic violence in violation of R.C.2919.25(A). Appellee pled not guilty to the charges. Appellee filed a motion to suppress a weapon obtained from his residence by the police. He argued that the weapon was found in violation of Article I, Section 10 of the Ohio Constitution and in violation of the Fourth Amendment to the United States Constitution. A suppression hearing was held on November 19, 2002.
 {¶ 3} The testimony at the suppression hearing revealed the following: on August 26, 2002, Akron Patrol Officer Lauri Natko received a call concerning domestic violence at Appellee's address. Upon arrival, Officer Natko found Ms. Rhonda Briggs alone at the residence. Ms. Briggs had a blackened right eye and a bandaged right ankle. She appeared to be in her nightclothes and seemed very nervous. Ms. Briggs stated that no domestic violence had taken place that day, and that she only contacted the police to get advice about domestic violence. Officer Natko testified that she believed Ms. Briggs had been the victim of domestic violence.
 {¶ 4} Ms. Briggs invited Office Natko and another officer on the scene into the residence. Officer Natko testified that Ms. Briggs told the officers that she resided at the location. While inside the residence, Officer Natko spoke to Appellee on the phone. Appellee stated that he had been attacked by Ms. Briggs. Officer Natko relayed the statement to Ms. Briggs. Officer Natko stated that if Appellee's allegations were true, they would arrest Ms. Briggs for domestic violence. Ms. Briggs became upset and stated that Appellee's allegations were not true. Ms. Briggs then told the police her account of the events of that day indicating that she had been the victim of domestic violence the prior evening (August 25, 2002). Officer Natko admitted to lying to Ms. Briggs by making her believe she would be arrested in order to obtain Ms. Briggs' account of the events.
 {¶ 5} The police stayed at Appellee's residence for a total of four to five hours. While the police were outside doing paperwork, Ms. Briggs stated that she was afraid Appellee would shoot her. Officer Natko testified that Ms. Briggs asked her to come into the residence to remove an item. While in the house, Ms. Briggs told Officer Natko that there was a gun inside. Officer Natko stated that she asked Ms. Briggs to show her the weapon, and that she did not obtain a search warrant because it was her belief that Ms. Briggs resided in the home so a warrant would not be necessary. Ms. Briggs showed Officer Natko where the weapon was hidden, and Officer Natko retrieved the shotgun. Officer Natko contends that no search took place other than in the removal of the shotgun from the bedroom.
 {¶ 6} The trial court found that Ms. Briggs did not voluntarily consent to the search, and ordered the evidence of the shotgun suppressed. The trial court also ruled that the question as to whether Ms. Briggs had authority to consent to a search of the residence was moot. This appeal followed.
 II. Assignment of Error
"The Trial Court Committed Error Suppressing The Evidence In This Case."
 {¶ 7} In the sole assignment of error, the State contends that the suppression of evidence by the trial court was erroneous because Ms. Briggs was not coerced into allowing the search which produced the shotgun. We agree.
 {¶ 8} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1988), 127 Ohio App.3d 328, 332. The determination of whether consent was given voluntarily is a question of fact. State v. Posey
(1988), 40 Ohio St.3d 420, 427. See, also, Schneckloth v. Bustamonte
(1973), 412 U.S. 218, 227, 36 L.Ed.2d 854.
"[A]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed denovo." State v. Russell (1998), 127 Ohio App.3d 414, 416, citing Ornelasv. United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87. The United States Supreme Court has held that "a search conducted without a warrant issued upon probable cause is `per se' unreasonable * * * subject only to a few specially established and well-delineated exception." (Citations omitted.) Posey, 40 Ohio St.3d at 427. One such exception is a search conducted pursuant to consent. Id., citing Schneckloth,412 U.S. at 227. This Court has stated that when a person consents to the search of a shared property, "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." State v. Payne (Aug. 17, 1988), 9th Dist. No. 13448, quoting United States v. Matlock (1974),415 U.S. 164, 170. This Court has further stated that common authority rests "on the mutual use of the property by persons generally having joint access or control for most purposes[.]" State v. Nixon (Apr. 25, 2001), 9th Dist. Nos. 00CA007638, 00CA007624, appeal not allowed (2001),93 Ohio St.3d 1411, quoting United States v. Matlock (1974), 415 U.S. 164,171.
 {¶ 10} "To rely on the consent exception of the warrant requirement, the state must show by `clear and positive' evidence that the consent was `freely and voluntarily given.'" Posey,40 Ohio St.3d at 427, quoting Bumper v. North Carolina (1968), 391 U.S. 543, 548. The United States Supreme Court has held that "[w]hether a consent to a search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined by the totality of the circumstances." Schneckloth, 412 U.S. at 227; see, also,Posey, 40 Ohio St.3d at 427. The trial court found the consent to be invalid because it was not given voluntarily. The trial court stated in its judgment entry that "based on the totality of the circumstances in this case, it appears that the person giving consent, Rhonda Briggs, did not voluntarily consent because under the testimony of Officer Natko she believed that she would be arrested if she did not give her consent."
 {¶ 11} Officer Natko admitted that she deceived Ms. Briggs about possibly being arrested in order to get Ms. Briggs to give her account of the events. It was not until hours later that Ms. Briggs asked Officer Natko to remove the weapon. Then Ms. Briggs voluntarily showed Officer Natko back into the residence and to the location of the shotgun. We find no reason to believe, based on the totality of the circumstances, that Ms. Briggs' consent was the product of duress or coercion. We find that the record contains clear and positive evidence that Ms. Briggs did voluntarily give her consent for the search. Therefore, the trial court erred when it determined that Ms. Briggs' consent was involuntary. The State's sole assignment of error is sustained solely to the extent that the trial court erred when it suppressed the evidence because Ms. Briggs did not consent to the search.
 {¶ 12} However, the issue as to whether Ms. Briggs has authority to give consent remains undetermined. The trial court determined that this issue was moot based upon its determination that her consent was involuntary. Thus, although the trial court did not initially determine whether Ms. Briggs had the authority to consent to the search, we believe that any factual questions involved in that issue would most appropriately be resolved by the trial court. Therefore, we remand the matter for further proceedings consistent with this opinion.
 III. {¶ 13} The State's sole assignment of error is sustained to the extent that Ms. Briggs' consent was not involuntary. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
WILLIAM R. BAIRD, WHITMORE, J., BATCHELDER, J. CONCUR.